UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MAURICE CUMMINGS, CDCR #AF-0209,<br><br>                              Plaintiff,<br><br>              vs.<br><br>RALPH DIAZ, Sec. of the CDCR; DANIEL PARAMO, Warden; C. COVEL, Assoc. Warden; M. KEENER, Sergeant; BONAFICIO, Corrections Officer, DOES 1-100,<br><br>                              Defendants. | Case No.:  3:20-cv-01020 CAB-WVG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3];**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

Edward Cummings ("Plaintiff"), currently incarcerated at Mule Creek State Prison ("MCSP") located in Ione, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), nor did he file a Motion to Proceed In Forma Pauperis ("IFP") when he filed his Complaint, and the Court dismissed the action on June 9, 2020 for that reason. ECF No. 2. Plaintiff was given forty-five days within which to either pay the civil filing fee or move to proceed IFP.

*Id.* On July 6, 2020, Plaintiff filed an IFP motion pursuant to 28 U.S.C. § 1915(a) ECF No. 3.

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an MCSP accounting officer. *See* ECF Nos. 2, 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $88.16, had $57.79 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint and had an available balance of $113.54 on the books at the time of filing. (*See* ECF No. 3 at 4-7.) Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3) and assesses his initial partial filing fee to be $17.63 pursuant to 28 U.S.C. § 1915(b)(1).

The Court will direct the Secretary of the CDCR, or his designee, to collect the initial $17.63 fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.  Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Factual Allegations

Plaintiff alleges that he was sent to the Administrative Segregation Unit ("ASU") on April 24, 2017. Compl. at 9. While he was in the ASU, "one or more officers entered [P]laintiff's cell, rolled up and/or confiscated property, including his legal materials and family photos." *Id.* When he was released on May 4, 2017, he was not given his personal property back. *Id.* Plaintiff filed an administrative appeal on May 10, 2017; several days later, a corrections officer, whose name Plaintiff does not know, "came to [P]laintiff's cell and informed him to stop filing 602's and roll with the punch[e]s." *Id.* at 10. The officer

/ / /

also told Plaintiff that "if he cried to the courts about what happened with his property it would be 'worse' for him." *Id.*

Plaintiff claims the confiscation of his television violated his First Amendment rights and the confiscation of his family photos violated his Fourteenth Amendment rights. *Id.* at 12. Plaintiff contends the confiscation of his legal materials "caused at least a 3-year extension of an already untimely filing of writ petitions . . . ." *Id.* He also alleges that the materials available to him in the law library are "wholly inadequate in both quantity and quality, and for the most part law books are not available." *Id.* He claims that "no law books or legal materials are available in segregation in R.J. Donovan Prison." *Id.*

Plaintiff also makes general allegations that he was "subjected to harassment on the part of Defendants at R.J. Donovan Prison" which was "both physical and psychological," that "the harassment was an attempt to break the spirit of the [P]laintiff," and that "all of the acts, practices, or omissions described in this complaint would have strongly continued to be undertaken by Defendants . . . but for [P]laintiff's transfer from that prison to Mule Creek State Prison." *Id.* Plaintiff asks for declaratory and injunctive relief as well as money damages. *Id.* at 12-13.

C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

/ / /

D.     Loss of Property Claims

When a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim if the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (stating that "California law provides an adequate post-deprivation remedy for any property deprivations.") Thus, to the extent Plaintiff challenges the unauthorized or negligent taking of his personal property in contravention of a statute or regulation authorizing it, the CTCA provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claim challenging the loss of his property is not cognizable in a § 1983 action.

E.     Access to Courts

In addition to his property claim, Plaintiff alleges that "the deprivation of his legal materials caused at least a 4-year extension of an already untimely filing of writ petitioners according to the requirements of the "AEDPA" . . . ." Compl. at 9. Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354. In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotations omitted). The right of access does not require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id*. at 354; *see also Jones v. Blanas*, 393 F.3d

918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* holds:

> [T]he injury requirement is not satisfied by just any type of frustrated legal claim . . . . *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id*. at 346; *see also Spence v. Beard*, No. 2:16-CV-1828 KJN P, 2017 WL 896293, at *2-3 (E.D. Cal. Mar. 6, 2017). Indeed, the failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to describe the "non-frivolous" or "arguable" nature of underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id*. at 417.

Plaintiff's Complaint fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Though he claims the deprivation of his legal materials caused a delay in filing a habeas corpus petition, he also states that the petition is "already untimely." Compl. at 9. Moreover, Plaintiff has not provided the Court with the "nature and description" of the claims he wishes to bring via a habeas corpus action, nor the "non-frivolous" or "arguable" nature of those claims. *Harbury*, 536 U.S. at 413-14. Thus, the Court finds that Plaintiff's Complaint fails to include sufficient "factual matter" to show how or why any of the individual Defendants in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348;

*Jones*, 393 F.3d at 936; Iqbal, 556 U.S. at 678. Because Plaintiff has failed to allege facts sufficient to show that Defendant caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

      F.   <u>Retaliation</u>

      Plaintiff contends that several days after he filed an administrative appeal regarding his lost property, an unknown correctional officer came to his cell and told him to "stop filing 602's and roll with the punches." Compl. at 10. The unknown officer also told Plaintiff that "if he cried to the courts about what happened with his property, it would be 'worse' for him." *Id.*

      To state a valid First Amendment retaliation claim, Plaintiff must assert: (1) a state actor took some adverse action against him, (2) the adverse action was taken because he engaged in some protected conduct, (3) the state actor's acts "would chill or silence a person of ordinary firmness from future First Amendment activities," and (4) the adverse action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal." *Rhodes*, 408 F.3d at 568 n.11.

      Plaintiff's factual allegations fall short of establishing a retaliation claim because he has not alleged a state actor (an unknown corrections officer) "took some adverse action against [him]." *Rhodes*, 408 F.3d at 567-68. Plaintiff only alleges the unknown corrections officer *threatened* adverse action in the future (things would be "worse" for Plaintiff). Compl. at 10. Further, Plaintiff has not alleged how the threatened adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities" or that he suffered some other non-minimal harm as a result of the threatened future action.

*See Brodheim*, 584 F.3d at 1269; *Rhodes*, 408 F.3d at 568 n.11. Accordingly, the Court finds Plaintiff's retaliation claim must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

G.   <u>Individual Causation</u>

Further, Plaintiff has not explained how each of the named Defendants' actions violated his constitutional rights. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that "[c]ausation is, of course, a required element of a § 1983 claim.").

Plaintiff names Ralph Diaz, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Daniel Paramo, Warden of RJD, C. Covel, Associate Warden at RJD, M. Keener, a sergeant at RJD, Bonaficio, a corrections officer at RJD and Does 1-100. Compl. at 1-2, 7-9. He claims that "all of the acts, practices, or omissions described in this complaint would have strongly continued to be undertaken by Defendants in their official capacity and under color of state law . . . ." *Id.* at 10. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

Moreover, supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652

F.3d 1202, 1207 (9th Cir. 2011). Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible constitutional claim as to Secretary Diaz, Warden Paramo, Associate Warden Covel or Sergeant Keener because he does not allege that any of these Defendants personally committed any of the acts he alleges. Nor does he allege that Defendants Bonaficio and Does 1-100 "through [their] own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; *Jones*, 733 F.2d at 649.

Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). Plaintiff's Complaint does not contain sufficient factual allegations that Defendants personally and through their own actions violated Plaintiff's constitutional rights.

H.   Doe Pleading & Individual Liability

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

"A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3-4 (D. Haw. May 9, 2019). A plaintiff may also seek discovery to

obtain the names of the Does and later amend his pleading in order to substitute the true names of those defendants, unless it is clear that discovery will not uncover their identities, *or that his complaint is subject to dismissal on other grounds*. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (emphasis added) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Plaintiff has named "Does 1-100" on page 8 of his complaint, but he makes no specific allegations against any individual Doe in relation to the constitutional violations which form the basis of his suit. Simply put, Plaintiff fails to link any particular constitutional violation to any specific, individual state actor, and he fails to even minimally explain how each individual Doe party he seeks to sue personally caused a violation of his constitutional rights. *See* Compl. at 8; *Iqbal*, 556 U.S. at 677. As noted above, "[a] plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks*, 197 F.3d at 1248. As it stands, Plaintiff's Complaint fails to "plead[] factual content that [would] allow[] the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.   Conclusion and Order

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $17.63 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  August 13, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge