1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   EDWARD MAURICE CUMMINGS,                Case No.:  3:20-cv-01020 CAB-WVG
     CDCR #AF-0209,
12                                           **ORDER DISMISSING FIRST**
                                  Plaintiff, **AMENDED COMPLAINT [ECF No.**
13                                           **5] WITHOUT LEAVE TO AMEND**
                          vs.                **FOR FAILING TO STATE A CLAIM**
14                                           **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
     RALPH DIAZ, Sec. of the CDCR;           **& 28 U.S.C. § 1915A(b)**
15   DANIEL PARAMO, Warden; C.
     COVEL, Assoc. Warden; M. KEENER,
16   Sergeant; BONAFICIO, Corrections
     Officer, DOES 1-100,
17
18                               Defendants.

19

20

21

22        Edward Cummings ("Plaintiff"), currently incarcerated at Mule Creek State Prison

23   ("MCSP") located in Ione, California, and proceeding pro se, has filed a civil rights

24   complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

25        Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), nor did

26   he file a Motion to Proceed In Forma Pauperis ("IFP") when he filed his Complaint, and

27   the Court dismissed the action on June 9, 2020 for that reason. ECF No. 2. Plaintiff was

28   given forty-five days within which to either pay the civil filing fee or move to proceed IFP.

1  *Id.* On July 6, 2020, Plaintiff filed an IFP motion pursuant to 28 U.S.C. § 1915(a). ECF

2  No. 3. The Court granted the motion on August 13, 2020, and dismissed the case for failing

3  to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). ECF No. 4.

4  Plaintiff was given sixty days within which to file an amended complaint. *Id.* On October

5  19, 2020, Plaintiff filed a First Amended Complaint (FAC). ECF No. 5.

6  **I.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

7      A.     <u>Standard of Review</u>

8  As with his original Complaint, because Plaintiff is a prisoner and is proceeding IFP,

9  his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and

10  § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP

11  complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks

12  damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27

13  (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621

14  F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of

15  [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the

16  expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014)

17  (citation omitted).

18  "The standard for determining whether a plaintiff has failed to state a claim upon

19  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

20  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

21  1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

22  2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

23  applied in the context of failure to state a claim under Federal Rule of Civil Procedure

24  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

25  as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

26  662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

27  Detailed factual allegations are not required, but "[t]hreadbare recitals of the

28  elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.   Plaintiff's Factual Allegations

In his FAC, Plaintiff alleges that Defendants "personally planned, plotted together with intent to deprive [P]laintiff of his personal property," and that "Defendants . . . personally planned not to do their duties as supervisors even while present and were at all times aware of said actions of each other and the manner in which each others' conduct was carried out." FAC at 5. He further alleges that "[t]he Warden did willfully and unlawfully tolerated, condoned and ratified illegal and/or unconstitutional erroneous, outrageous, arbitrary, malicious, vindictive, capricious and oppressive process of subjections to unwarranted seizure of [P]laintiff's personal property . . . ." *Id.*

### C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D.   Loss of Property Claims

As the Court noted in its August 13, 2020 Order, when a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim if the state provides an

1   adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990);
2   *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or
3   intentional deprivation of property does not violate due process if a meaningful post-
4   deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an
5   adequate post-deprivation state remedy for the random and unauthorized taking of
6   property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (stating that "California
7   law provides an adequate post-deprivation remedy for any property deprivations.") Thus,
8   to the extent Plaintiff challenges the unauthorized or negligent taking of his personal
9   property in contravention of a statute or regulation authorizing it, the CTCA provides him
10  with an adequate state post-deprivation remedy, and his claims challenging the loss of his
11  property is not cognizable in a § 1983 action.

12      To the extent Plaintiff is alleging a conspiracy to violate his constitutional rights by
13  claiming that Defendants "planned, plotted together with intent to deprive [P]laintiff of his
14  personal property," FAC at 5, he fails to state a claim as well. "To state a claim for a
15  conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state
16  specific facts to support the existence of the claimed conspiracy." *Burns v. Cty. of King*,
17  883 F.2d 819, 821 (9th Cir. 1989). "In addition, a conspiracy to violate constitutional rights
18  must be predicated on a viable underlying constitutional claim . . . [and] requires 'an actual
19  deprivation of constitutional rights.'" *Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1179
20  (S.D. Cal. 2010), citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005)
21  and *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). As the Court has concluded,
22  Plaintiff does not state a "viable underlying constitutional claim," nor "an actual
23  deprivation of constitutional rights."

24      E.    Individual Causation

25      Further, Plaintiff has not explained how each of the named Defendants' actions
26  violated his constitutional rights. "A plaintiff must allege facts, not simply conclusions,
27  t[o] show that [each defendant] was personally involved in the deprivation of his civil
28  rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of*

1      *Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that

2      "[c]ausation is, of course, a required element of a § 1983 claim.").

3          Plaintiff names Ralph Diaz, Secretary of the California Department of Corrections

4      and Rehabilitation ("CDCR"), Daniel Paramo, Warden of RJD, C. Covel, Associate

5      Warden at RJD, M. Keener, a sergeant at RJD, Bonaficio, a corrections officer at RJD and

6      Does 1-100. Compl. at 1-2, 7-9. He claims that "Defendants . . . personally planned not to

7      do their duties as supervisors," and that "[t]he Warden did willfully and unlawfully

8      tolerated, condoned and ratified illegal and/or unconstitutional erroneous, outrageous,

9      arbitrary, malicious, vindictive, capricious and oppressive process of subjections to

10     unwarranted seizure of [P]laintiff's personal property . . . ." FAC at 5. As the Court

11     explained to Plaintiff in its August 13, 2020 Order, there is no respondeat superior liability

12     under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).

13     "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that

14     each government-official defendant, through the official's own individual actions, has

15     violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment*

16     *Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff

17     must "allege with at least me degree of particularity overt acts which defendants engaged

18     in" in order to state a claim).

19         Moreover, supervisory officials may only be held liable under § 1983 if Plaintiff

20     alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient

21     causal connection between the supervisor's wrongful conduct and the constitutional

22     violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652

23     F.3d 1202, 1207 (9th Cir. 2011). Plaintiff's Complaint offers no factual detail from which

24     the Court might reasonably infer a plausible constitutional claim as to Secretary Diaz,

25     Warden Paramo, Associate Warden Covel or Sergeant Keener because he does not allege

26     that any of these Defendants personally committed any of the acts he alleges. Nor does he

27     allege that Defendants Bonaficio and Does 1-100 "through [their] own individual actions,

28     . . . violated the Constitution." *Iqbal*, 556 at 676; *Jones*, 733 F.2d at 649.

1   Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-
2   unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a
3   complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief
4   that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555,
5   570). Plaintiff's Complaint does not contain sufficient factual allegations that Defendants
6   personally and through their own actions violated Plaintiff's constitutional rights.

7   **F.    Doe Pleading & Individual Liability**

8   The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious
9   parties, but Rule 10 does require a plaintiff to include the names of all parties in his
10  complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP
11  case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is
12  effectively impossible for the United States Marshal or deputy marshal to fulfill his or her
13  duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d);
14  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service
15  under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary
16  to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018
17  WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United
18  States Marshal cannot serve a summons and complaint on an anonymous defendant.").

19  "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe
20  2, John Doe 3, and so on, but he must allege specific facts showing how each particular
21  doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*,
22  2019 WL 2062945, at *3-4 (D. Haw. May 9, 2019). A plaintiff may also seek discovery to
23  obtain the names of the Does and later amend his pleading in order to substitute the true
24  names of those defendants, unless it is clear that discovery will not uncover their identities,
25  *or that his complaint is subject to dismissal on other grounds*. *See Wakefield v. Thompson*,
26  177 F.3d 1160, 1163 (9th Cir. 1999) (emphasis added) (citing *Gillespie v. Civiletti*, 629
27  F.2d 637, 642 (9th Cir. 1980)).

28

1   Plaintiff continues to name "Does 1-100" as Defendants, *see* FAC at 5, but he makes
2   no specific allegations against any individual Doe in relation to the alleged constitutional
3   violations which form the basis of his suit. Simply put, Plaintiff fails to link any particular
4   constitutional violation to any specific, individual state actor, and he fails to even
5   minimally explain how each individual Doe party he seeks to sue personally caused a
6   violation of his constitutional rights. *See* Compl. at 8; *Iqbal*, 556 U.S. at 677. As noted
7   above, "[a] plaintiff must allege facts, not simply conclusions, t[o] show that [each
8   defendant] was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d
9   at 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks*, 197 F.3d at 1248. As it
10  stands, Plaintiff's Complaint fails to "plead[] factual content that [would] allow[] the court
11  to draw the reasonable inference that [any] defendant is liable for the misconduct alleged."
12  *Iqbal*, 556 U.S. at 678.

13  **III.   Conclusion and Order**

14     For the reasons explained, the Court **DISMISSES** Plaintiff's Amended Complaint
15  [ECF No. 5] for failing to state a claim upon which relief may be granted pursuant to 28
16  U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because amendment would be futile, the dismissal
17  is without leave to amend.

18     **IT IS SO ORDERED**.

19  Dated:  December 11, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge